FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 0 6 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NANCY GLEN,

                Plaintiff,

        -against-

BALEWA GLEN,

                Defendant.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
15 CV 4580 (WFK)

KUNTZ, United States District Judge.

On August 4, 2015, plaintiff Nancy Glen, filed the instant *pro se* complaint against Balewa Glen, her husband. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the action is dismissed for lack of subject matter jurisdiction.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

1

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Background

Plaintiff alleges that in 2012, she gave defendant approximately $2000.00 dollars in order for defendant to secure "immigration papers." Compl. at 1. Although unclear, it appears that as soon as defendant received his green card, he abandoned plaintiff. Id. Plaintiff is requesting monetary damages and that the Court revoke defendant's green card.

## Discussion

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, ---U.S. ----, ----, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); Arbaugh v. Y & H

Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 62–3 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Moore v. Angiuli & Gentile, LLP, No. 12 CV 2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). Here, plaintiff and defendant both reside in Brooklyn. Therefore, diversity jurisdiction is clearly lacking. Further, although the Court is sympathetic to plaintiff's situation, she fails to raise any issue arising under federal law or any other basis for this Court's subject matter jurisdiction.

Whereas ordinarily the Court would allow plaintiff an opportunity to amend her complaint, see Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submission that she cannot establish a basis for this Court's subject matter jurisdiction. Therefore, any attempt to amend the complaint would be futile. See Ashmore v. Prus, 510 Fed. Appx. 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

Conclusion

Accordingly, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: August 6, 2015
Brooklyn, New York